IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CLAUDIA L. PETERSON,**  3:11-CV-01334-BR

      **Plaintiff,**  OPINION AND ORDER

v.

**MICHAEL J. ASTRUE,**
**Commissioner, Social Security**
**Administration,**

      **Defendant.**

**JAMES S. COON**
Swanson Thomas & Coon
820 S.W. Second Avenue
Suite 200
Portland, OR 97204
(503) 228-5222

      Attorneys for Plaintiff

1 - OPINION AND ORDER

Case 3:11-cv-01334-BR   Document 16   Filed 10/11/12   Page 2 of 14

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**JOSE R. HERNANDEZ**
Special Assistant United States Attorney
Social Security Administration
1301 Young Street
Suite A702
Dallas, TX 95202
(214) 767-3638

      Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Claudia L. Peterson seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings.

2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff filed her applications for SSI and DIB on December 8, 2012, and alleged a disability onset date of October 16, 2008. Tr. 48.[1] The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on January 22, 2009. Tr. 27-72. At the hearing, Plaintiff was represented by an attorney. Plaintiff and a lay witness testified.

The ALJ issued a decision on July 20, 2009, in which he found Plaintiff is not entitled to benefits. Tr. 14-26. That decision became the final decision of the Commissioner on December 21, 2010, when the Appeals Council denied Plaintiff's request for review. Tr. 1-6.

## BACKGROUND

Plaintiff was born on December 1, 1967, and was 41 years old at the time of the hearing. Tr. 73. Plaintiff has a high-school education. Tr. 34, 142. Plaintiff has past relevant work experience as a bartender, day worker, telemarketer, housekeeper, certified nursing assistant, certified medical assistant, and deli clerk. Tr. 20.

Plaintiff alleges disability due to depression, severe

---

[1] Citations to the official transcript of record filed by the Commissioner on March 26, 2012, are referred to as "Tr."

3 - OPINION AND ORDER

bunions, and gambling addiction. Tr. 13, 197.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 17-19.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

**I.   The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful

activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,

at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a Vocational Expert (VE) or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged

7 - OPINION AND ORDER

in substantial gainful activity since her October 16, 2008, onset date. Tr. 13.

At Step Two, the ALJ found Plaintiff has severe impairments of depression, bunions, and gambling addiction. Tr. 13. The ALJ found Plaintiff's alleged impairments of hip pain, headaches, and blurred vision are nonsevere. Tr. 13.

At Step Three, the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ found Plaintiff has the RFC to perform "less than the full range of light work." Tr. 15. The ALJ found Plaintiff can lift and carry ten pounds frequently and 20 pounds occasionally; can have only occasional interaction with the public; is limited to "simple, entry-level work"; and cannot work at unprotected heights, work around gambling equipment or in a gambling establishment, or perform work that requires "close focusing of the eyes." Tr. 15-16.

At Step Four, the ALJ concluded Plaintiff is able to perform her past relevant work as a housekeeper. Tr. 20. Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony and (2) improperly found Plaintiff

8 - OPINION AND ORDER

could perform her past relevant work as a housekeeper.

**I.   Plaintiff's testimony**.

Plaintiff contends the ALJ erred when he improperly rejected Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

At the December 3, 2010, hearing Plaintiff testified she sometimes would not leave her house for two weeks at a time when

9 - OPINION AND ORDER

she was feeling depressed.  Tr. 38.  Plaintiff testified she does not sleep well at night and sleeps during the day because of her depression.  Tr. 40.  Plaintiff noted she attended classes at community college regularly at first and then she "just started missing classes and I had - that's when I had a lot going on with my boyfriend.  That's when we were breaking up."  Tr. 41.

Plaintiff noted in her Self-Report that she was unable to work

> because I have so much trouble getting motivated, I almost always have trouble following through with things.  Example is my work history forms.  I just finally got them finished, they took so long because I . . . get frustrated, start thinking negatively and put it aside for a time.

Tr. 156.

The ALJ found Plaintiff was not "fully credible" because her "subjective complaints and alleged limitations are not fully persuasive or consistent with her work history and the medical evidence."  Tr. 19.

The ALJ noted Plaintiff's activities of daily living (ADLs) include preparing food such as sandwiches and Ramen noodles, walking her dogs, walking to the grocery store, and occasionally socializing with her boyfriend and another couple.  Tr. 18.  Stephen M. Huggins, Psy.D., examining psychologist, opined Plaintiff suffers from severe depression.  Tr. 214-15.  Dr. Huggins reported Plaintiff "is able to do all ADL's but does not do them all the time.  '[She] lose[s] interest and let[s] go;

10 - OPINION AND ORDER

[she] ha[s] no motivation to do it.'" Tr. 215. Dr. Huggins opined Plaintiff's inconsistent motivation to do ADLs and to socialize is consistent with severe depression. Tr. 215.

The ALJ also relied on the fact that Plaintiff took classes at a community college and received an A in her culinary arts class to support his conclusion that Plaintiff's daily activities "suggest a level of functioning greater than what she has alleged." The record, however, reflects Plaintiff received grades of F in two of the other classes she took, failed to complete her remaining classes, and is currently on academic probation. Tr. 191.

The ALJ noted Plaintiff "has received only conservative and routine treatment" despite her claim of depression. Tr. 18. Specifically, even though Plaintiff does not have health insurance, the ALJ pointed out that "she has shown a lack of motivation to follow up on treatment options available to her, such as counseling." Tr. 18. As noted, however, Dr. Huggins opined Plaintiff experiences inconsistent motivation at least in part due to her severe depression. In addition, Dr. Huggins found Plaintiff's insight and judgment "appear to vary from poor to fair depending on the situation." Tr. 214. In *Nguyen v. Chater* the Ninth Circuit stated:

> As the Sixth Circuit has noted in finding invalid an ALJ's reasons for rejecting claimant's assertions about his depression, "[a]ppellant may have failed to seek psychiatric treatment for his

11 - OPINION AND ORDER

>     mental condition, but it is a questionable
>     practice to chastise one with a mental impairment
>     for the exercise of poor judgment in seeking
>     rehabilitation."

100 F.3d 1462, 1465 (9th Cir. 1996)(quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

On this record the Court concludes the ALJ erred when he failed to address the extent to which Plaintiff's depression caused her to fail to seek more consistent and aggressive treatment for her disease.  Accordingly, the Court concludes the ALJ erred when he found Plaintiff was not fully credible because the ALJ did not provide legally sufficient reasons supported by the record for doing so.

**II. ALJ's finding at Step Four that Plaintiff could perform her past relevant work as a housekeeper.**

Plaintiff contends the ALJ erred at Step Four when he concluded Plaintiff could perform her past relevant work as a housekeeper.

Because the ALJ's conclusion that Plaintiff could perform her past relevant work as a housekeeper was based in part on the ALJ's improper rejection of Plaintiff's testimony regarding her depression, the Court concludes on this record that the ALJ erred when he concluded Plaintiff could perform her past relevant works as a housekeeper without considering the possible effect of any such depression.

12 - OPINION AND ORDER

**<u>REMAND</u>**

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Accordingly, because the Court has determined the ALJ erred

13 - OPINION AND ORDER

in his evaluation of Plaintiff's credibility when he failed to consider the extent to which Plaintiff's failure to seek treatment or to remain motivated in her treatment is the result of her depression, the Court also concludes the ALJ's error resulted in an improper evaluation of Plaintiff's RFC and possibly an incorrect evaluation of Plaintiff's ability to perform her past relevant work.  The Court, therefore, remands this matter for further administrative proceedings consistent with this Opinion and Order for the purpose of reevaluating Plaintiff's credibility, RFC, and ability to do past relevant work or to perform other work that exists in the economy.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 11th day of October, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER